No. 14,207.

AMERICAN MINING COMPANY ET AL. *v.* ZUPET.

(72 P. [2d] 281)

Decided September 27, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. Harold Clark Thompson, for plaintiffs in error.

Mr. E. A. Tower, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Defendant in error, Martin Zupet, came before the Industrial Commission claiming compensation for injuries "caused by an accident arising out of and in the course of his employment" with plaintiff in error, the American Mining Company, August 29, 1932. The injury, as he alleges, was sustained while he was breaking rock with an iron or steel sledge and was caused by pieces of rock, iron or steel striking his face and eyes, becoming imbedded therein, and particularly injuring his eyes, ears and head. In his amended notice and claim for compensation filed May 31, 1933, he states his disability as, "Total practical occupational or working use and disability of right eye and substantially so even now of left eye and now about 50 per cent loss of hearing in right ear and about 80 per cent loss of and as to the left ear, and these disabilities gradually increasing." Upon hearing held August 4, 1933, the referee found September 15, 1933, that claimant's injury was caused by a foreign body in the right eye and that the permanent disability consisted of total loss of the right eye; none to the left eye, and upon computation of average weekly wages, the Industrial Commission, October 25, 1933, entered its award upon the referee's finding, that: "Temporary total disability terminated on November 11, 1932. Permanent

disability consists of total loss of vision of the right eye. * * * that the claimant suffered no degree of permanent disability to the left eye by reason of said accident,'' and it awarded claimant ''$11.32 per week from October 4, 1932, to November 10, 1932, inclusive, as compensation for temporary total disability; and at the same rate thereafter for 104 weeks, as compensation for permanent partial disability; plus the payment of medical expenses incurred within four months following the accident.'' Subsequently claimant applied for a rehearing because, as he alleged, he had been denied compensation for the loss of hearing and other ill effects resulting from the accident. February 16, 1934, the Industrial Commission refused to reopen and reconsider the case.

Thereafter petitions for review and refusal of the commission to reopen the case are disclosed by the record. A detailed review of these various proceedings would serve no useful purpose, it being sufficient to state that the commission, finally, on November 20, 1936, ordered the case reopened to determine whether or not there had been any error, mistake or change in condition. After notice, a hearing was held, further testimony and evidence submitted, and on March 25, 1937, the commission entered its supplemental award as follows:

''In the above entitled cause, the commission having reviewed the entire file including the further testimony taken herein pursuant to the order of this commission dated November 20, 1936, and being now fully advised in the premises finds:

''That the claimant has failed to make any showing of error, mistake or change in condittion. The commission is further advised that the claimant's disability in so far as the same appears to be greater than that established by the award of this commission dated October 25, 1933, is not chargeable to his injury of August 29, 1932. The commission further finds that the claimant has been fully compensated for the injury sustained in his accident of August 29, 1932, and that he has failed to establish any

error or mistake on the part of this commission or any change in his condition in so far as the same resulted from accidental injury.

"It is, therefore ordered: That the claimant's application for further compensation be and the same hereby is denied and that his claim for further compensation over and above that which he has already been paid be and the same hereby is denied."

This was affirmed as a final award on April 17, 1937. Claimant filed his complaint in the district court of the City and County of Denver May 7, 1937, to vacate the award of the Industrial Commission, trial resulting in a judgment in his favor, reversing the award of the commission and directing it to enter a proper award. The American Mining Company, State Compensation Insurance Fund and the Industrial Commission of Colorado, now plaintiffs in error, seek a reversal of that judgment.

The trial court at considerable length in a written opinion, reviewed the evidence, commented upon the exhibits and nature of the testimony, and elaborately expressed its views as to the nature of the testimony and evidence. It made no finding of any error or mistake on the part of the commission or in the record, but flatly disagreed with the commission's findings as to the effect of the evidence before that body, and substituted its own finding for the commission's finding and award. On this review no other question is presented.

A reading of the entire record and files discloses sufficient competent evidence upon which the commission properly could make the award set aside by the district court. To detail or comment upon this evidence, which seemed to influence the trial court, would unduly lengthen this opinion. If the conclusions of the trial court were not in harmony with those reached by the commission, nevertheless it was not at liberty to exceed its jurisdiction and overreach the limitations on its powers in cases of this character and it was not acting within its authority in disregarding the effect of the evidence as deter-

mined by the commission and holding that compensation was due claimant as a matter of law. The matter of determining the probative effect of evidence in such cases, where there is a conflict, still remains exclusively with the commission where there is evidence for its consideration or from which it could draw a reasonable inference. In numerous cases we have said that the Workmen's Compensation Act precludes courts from passing upon the evidence in such cases and we have refused to change awards of the commission which were supported by the evidence, even though we, like the district court in this case, may have reached a conclusion differing from that of the fact finding body.

The judgment of the district court is therefore reversed and the cause remanded with directions to affirm the final award of the Industrial Commission.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.