## No. 14,234.

INDUSTRIAL COMMISSION ET AL. *v.* VALDEZ.
(74 P. [2d] 710)

Decided December 13, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. Harold Clark Thompson, for plaintiffs in error.

Mr. Sam T. Taylor, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

This is a workmen's compensation case. The parties here, in order, are hereinafter referred to as the commission, the fund, the employer, and claimant.

Claimant is afflicted with hernia which he contends is the result of an accident arising out of and in the course of his employment. The commission found that he failed to establish that fact. The district court, holding otherwise, reversed the commission. To review that judgment plaintiffs prosecute this writ. Such is the sole question before us.

■ "An employee in order to be entitled to compensation for hernia must clearly prove: first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment." '35 C. S. A., c. 97, §359.

■ "Inferences and conclusions to be drawn from the evidence in workmen's compensation cases, are for the commission and not for the courts." *Comstock v. Bivens*, 78 Colo. 107 (syllabus), 239 Pac. 869.

■ "In numerous cases we have said that the Workmen's Compensation Act precludes courts from passing upon the evidence in such cases and we have refused to change awards of the commission which were supported by the evidence, even though we, like the district court in this case, may have reached a conclusion differing from that of the fact finding body. *American Mining Co. v. Zupet*, 101 Colo. 238, 72 P. (2d) 281.

■ The commission found, inter alia: "Claimant failed to establish that the hernia condition, from which he was suffering, was the result of any accidental injury." There was medical evidence to the effect that claimant had a "potential hernia," in other words was so constituted that the affliction might be brought on by a very trifling circumstance. Thus is presented the kind of case at which the statute above quoted was especially aimed and which requires the utmost care, and often a very keen discrimination, on the part of the commission. Claimant alone testified that at the time alleged he slipped and immediately experienced a sharp pain on his right side. Other workmen near him were not called. One was called who testified that promptly thereafter claimant complained to him. Later in the day he reported to his foreman but said nothing about slipping. The following day he consulted Dr. Noonan but failed to give him these facts. The alleged accident occurred May 27. June 6, following, he again consulted Dr. Noonan for the purpose of getting transferred to lighter

work, but still failed to report the condition he now claims. His only explanation is, "I was going to tell him but how I overlooked that, I don't know, * * *." June 24th he consulted two other physicians who told him he was ruptured. Neither of these appeared as witnesses. His claim was not filed until August 26, following. On October 3, he again consulted Dr. Noonan in an attempt to get the Doctor to say that he had reported his condition in his earlier conferences. Dr. Noonan was a witness at the hearing and claimant's scheme, and the Doctor's attitude toward it, are sufficiently illustrated by one or two phrases from the latter's testimony, i. e.; "He said he told me June 6 that he had a rupture, and I said * * * Don't you try to poke anything down my throat like that and don't lie to me * * *. 'Tim you are lying and you know it' and he admitted it; and then the thing quieted down."

Further quotation from the evidence is unnecessary. From the foregoing it clearly appears that the inference that the commission apparently drew that this claim was not made in good faith and hence claimant had not sustained the burden imposed upon him by the statute is amply supported by the record. The commission saw and heard these witnesses and it is not for the courts, deprived of that advantage, to question its conclusions.

The judgment is reversed and the cause remanded to the district court with instructions to affirm the award.

MR. JUSTICE HILLIARD, MR. JUSTICE BAKKE, and MR. JUSTICE HOLLAND concur.