# No. 14,572.

## WHITE *v.* INDUSTRIAL COMMISSION ET AL.
### (90 P. [2d] 960)

Decided May 15, 1939.

Mr. C. H. GROVES, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. HAROLD CLARK THOMPSON, Mr.

Louis Schiff, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This is a workmen's compensation case. Plaintiff in error is hereinafter referred to as White, and defendants in error as defendants, or as the commission, the company and the fund, respectively.

The company was engaged in mining and milling and carried its industrial insurance with the fund. White, its general superintendent, was accidentally injured and filed his claim with the commission. Defendants contested on the ground that the accident did not arise out of and in the course of his employment. The commission so held and White brought this action. The question before the court was the same. The commission was sustained and to review the judgment entered accordingly White prosecutes this writ. His five assignments present the same question here. He contends that the evidence is all in his favor. Defendants maintain that it is conflicting and hence the award can not be disturbed.

White's injury was caused by the explosion of his own gun with which he was attempting to kill a coyote. He says in his statement that the animal was a "menace, nuisance and detriment to company operation." The company's report, signed by its president, says that White "was protecting company supplies from coyotes * * *. As superintendent in charge it was his duty to protect company property." Apparently the president did not know what he was talking about, for White, the only witness at the hearing, repudiates this statement. He puts his claim on the sole ground that the yelping of coyotes disturbed the slumbers of the men, about thirty in number, under his supervision. He says, "For the last three years there has been coyotes apparently denned up there and breeding, and there was always a bunch of

them, and they are a terrible nuisance, mostly in the noise they make, the disturbance they create and in waking people up * * *. Any sleep that is lost is quite a material detriment to the company in the work that is done." Again, "This is the first time I had a chance to shoot at a coyote." Counsel for White insists that this testimony binds the commission. We think not. Though all the evidence produced may come from the claimant, and viewed in its most favorable light, support an award for him, if it justifies adverse inferences, which the commission clearly draws, a contrary award will be upheld. *Industrial Commission v. Valdez,* 101 Colo. 482, 74 P. (2d) 710. If the commission were unable to square White's testimony with his filed statement or the company's report; if they could not reconcile the constant uproar of this bunch of wolves with White's inability to get a shot at one in three years; or the material detriment to the company, due to the broken sleep of the miners caused by a racket constantly dinned into their ears, with the existence of such nuisance over that long period; we share their confusion. If they could not forget that men become accustomed to even the loudest noises constantly present; if they remembered that, inured to these, machinists sleep peacefully beside roaring engines, and soldiers amidst bursting shells; these things also trouble us. If they had more than a suspicion that White's theory was evolved after his statement and the company's report were filed, we share their doubts. If, assuming the disturbing effect of the howling of these coyotes and the resulting impediment to mining operations, they wondered how cowboys and miners managed to stick to ranch and mountain range long enough for this state to be settled and her industries developed, we are alike mystified.

 We think the commission was entitled to consider all admitted and self-evident facts in the case, and apply to these, and to White's theory of his employment and duties, the common knowledge of common men in this

state. All these things are in evidence—though no witness in the particular proceeding swears to them—and form a proper basis for the tribunal's conclusions. And, if, as we must assume, the conclusion of the commission was that hunting coyotes was not, under the circumstances, one of the ordinary duties of a mine superintendent, and that an injury sustained in that sport was not an accident growing out of and in the course of his employment, that conclusion was not "without and in excess of its powers."

The judgment is affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE BAKKE concur.