No. 14,902.

BARKER ET AL. *v.* INDUSTRIAL COMMISSION ET AL.
(117 P. [2d] 319)

Decided September 8, 1941.   Rehearing denied September 29, 1941.

Mr. R. E. MONTGOMERY, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, Mr. LANSFORD F. BUTLER, for defendants in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

The Industrial Commission, vacating a previous determination of contrary effect by one of its referees, found that defendant in error Cary, the claimant, had sustained a hernia as the result of an industrial accident occurring in the course of his employment by plaintiff in error Barker. It awarded compensation for temporary disability of about four weeks; ordered (pursuant to section 359, chapter 97, '35 C.S.A.) the employer and his coplaintiff in error, the insurance carrier, to offer claimant an operation for the correction of the hernia, which he had expressed a willingness to undergo, and directed payment of compensation for disability during the period of hospitalization and recovery from the operation. In an appropriate action prosecuted by the employer, and insurance carrier, the district court affirmed the commission's award, and the same parties here seek a reversal of the latter adjudication.

It is undisputed that on Saturday, March 23, 1940, while working at his usual occupation of hodcarrier, the claimant slipped on an icy floor and fell. When he attempted to arise he was stricken with pain in his side. The pain was followed by nausea. After lying on the floor for about an hour, during which time his condition was reported to the employer and his foreman, claimant returned to work and finished his shift. The pain and nausea continued on Sunday, and on Monday he consulted a physician who said: "There wasn't anything wrong," and informed claimant that he could return to work, which he did. In about three weeks, the pain and sickness persisting in the interim, claimant visited a second physician, who diagnosed the cause of his disability as hernia and advised immediate cessation of work and a corrective operation. At the hearing the physician first consulted by claimant, and another who

had examined him in April, testified that in their opinion claimant did not have a hernia. Both attributed his pain and such disability as attended to muscular strain resulting from either the fall or the heavy nature of claimant's work. The second physician testified that upon examination by him some two years previously, he had found the claimant to be suffering from a generally similar condition. In opposition to this testimony the third physician, the second consulted by claimant, stated that several examinations of claimant disclosed an inguinal hernia at the internal ring on the right side and gave as his opinion that the appearance of said hernia resulted from the accidental strain suffered in claimant's fall. Except as pertaining to his suffering and the debilitating nausea to which claimant testified, both subjective symptoms consistent with the existence of a hernia, the only evidence as to the condition of claimant's inguinal region came from the expert witnesses.

Plaintiffs in error strenuously insist that the evidence as to claimant's physical condition given by his physicians and upon which the hernia diagnosis is based, is insufficient, medically and legally, to justify the commission's conclusion, in that there was no showing therein that there was a protrusion of some organ, tissue or structure through the wall of the cavity normally containing it, which is an essential of compensable hernia. *Central Surety & Ins. Corp. v. Industrial Commission*, 84 Colo. 481, 271 Pac. 617. Consistent with the physical facts therein under consideration the definition given in the opinion in the Central Surety case is limited to a protrusion through an abnormal (accidental) opening in the cavity; but it seems a true hernia also may occur from a protrusion through a natural, as well as an accidental, opening in the walls. See, *Stoddard v. Mason's Blue Link Stores*, 55 Ida. 609, 45 P. (2d) 597, where definitions are collected and collated.

Our examination of the record convinces us that the testimony of claimant's physician may not prop-

erly be charged with the vice asserted. It is quite true that he was uncertain as to whether the hernia was an inguinal indirect (one in which the protrusion occurs at the internal ring and passes along the inguinal canal), or an inguinal direct (a protrusion of the abdominal viscera through the wall at the site of the external abdominal ring without having traversed the inguinal canal), but was inclined to the belief that it was of the latter class. It is to be observed that in either type a protrusion is attendant. The witness also while conceding that no bulge or protrusion occasioned by the hernia appeared on the exterior surface of the skin, said that frequently a direct hernia of this type causes no external lump, and this testimony was not controverted. The witness also acknowledged that as yet there was no protrusion of the intestine itself, but said that such would later occur unless there was an operative correction. It seems clear from the testimony that a hernial protrusion or sac may consist of the peritoneum alone. The operative technique described by the witness clearly contemplated the disposition of a protruding hernial sac. Negatively, this physician denied that the condition from which plaintiff was suffering was one of potential hernia, a condition for which compensation was denied in *Industrial Commission v. Valdez,* 101 Colo. 482, 74 P. (2d) 710. In view of this state of the record the proceeding simply resolves itself into a case in which the commission's findings and conclusions were made on conflicting evidence and thus properly may not be disturbed upon judicial review. See, *Industrial Commission v. Valdez, supra; Comstock v. Bivens,* 78 Colo. 107, 239 Pac. 869, and *American Mining Co. v. Zupet,* 101 Colo. 238, 72 P. (2d) 281. The existence of the hernia having been established to the commission's satisfaction, the other evidence, as appears from the recitals thereof hereinabove incorporated, was sufficient to warrant the finding that the appearance of the hernia was accompanied by pain and that it was immediately preceded

by an accidental strain suffered in the course of claimant's employment, prerequisites to be established under the provisions of section 359, chapter 97, '35 C.S.A., in order that an employee be entitled to compensation for hernia.

The judgment is affirmed.

MR. JUSTICE BURKE concurs in the conclusion.