No. 15,302.

INDUSTRIAL COMMISSION ET AL. *v.* KOKEL.
(138 P. [2d] 944)

Decided May 17, 1943.  Rehearing denied June 28, 1943.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, Messrs. HAWKINS & HAWKINS, for plaintiffs in error.

Mr. MORRIS RIFKIN, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case in which the employer, the insurer, and the Industrial Commission seek a reversal of a judgment in which the district court set aside an award of the commission denying compen-

sation on the sole finding: "The court finds from the undisputed evidence in the record that the plaintiff received the injury to his eye on the 19th of March, 1940."

Defendant in error Kokel, a man of about fifty years of age, was a coal miner and as such was employed by the Keystone Coal Company. His story is that on March 19, 1940, while shoveling coal in one of the company's mines, his shovel hit the side of the car, and a small piece of coal flew back and lodged in his left eye. While he says it hurt him, he paid no particular attention to it; just "wiped it off" and stopped working for the remaining "ten minutes to quitting time," which was at 3:00 p.m. He never told anyone about the incident at that time, nor did he report it to any of the company officials. He arrived home about four o'clock and shortly thereafter his son-in-law allegedly extracted a small piece of coal from the eye with the aid of a silk handkerchief. He did not consult the company doctor—who was also claimant's regular doctor—until March 21st. The doctor testified that at that time, claimant said he did not know when or how he got the alleged coal dust in his eye; that there was no trace of any foreign substance in the eye at that time. Claimant returned the next day (March 22nd), at which time the doctor noted that an ulcer had started to form. It was this ulcer that ultimately caused the impaired vision for which he sought compensation.

In due time claim was filed for compensation and after hearing the referee found that "claimant had failed to establish that the left corneal ulcer from which claimant is now suffering was the result of an accidental injury arising out of and in the course of his employment." The claim for compensation was denied.

No petition for review was ever filed on this finding and order of the referee, but after a lapse of about five months claimant prevailed upon the commission to reopen the matter on its own motion, on the ground of

"newly discovered evidence," which evidence consisted of some letters written by his daughter and signed by her and her husband, and a letter signed by friends who were at the Kokel home on the evening of March 19. Three hearings were held by the commission at which these witnesses testified. The commission in its final award adhered to its former awards in which it affirmed the finding of the referee and found specifically "that the claim has not been supported by proof that the claimant sustained an accident arising out of and in the course of his employment."

The specification of points urged for reversal may be summed up in the proposition that the trial court erred in setting aside the award of the commission, as it attempted to do, under the circumstances disclosed.

As has already been noted, the trial court did not "find that claimant was injured by an accident arising out of and in the course of his employment." It may be true, as the trial court indicated, that "plaintiff received the injury to his eye on the 19th of March, 1940," but, also, it may not be true in the light of the physician's testimony regarding his questioning of claimant and his answers thereto. If the trial court meant to infer that the evidence was undisputed that the accident arose out of and in the course of claimant's employment, the record does not support the conclusion. Certainly, there is dispute as to the facts as related to the physician by claimant on March 20th, and those to which he testified before the referee and commission. There are enough other facts shown in this record from which the commission could draw inferences that would cast doubt on claimant's story.

The law is well established that where there is competent evidence to support an award of the Industrial Commission in workmen's compensation cases, the courts are not at liberty to set it aside even, "Though all the evidence produced may come from the claimant,

and viewed in its most favorable light, support an award for him, if it justifies adverse inferences, which the commission clearly draws, a contrary award will be upheld." *White v. Industrial Commission,* 104 Colo. 372, 374, 90 P. (2d) 960, citing *Industrial Commission v. Valdez,* 101 Colo. 482, 74 P. (2d) 710. The so-called finding of the trial court in the case at bar was ineffectual for any purpose under the Workmen's Compensation Act.

The judgment is reversed and the cause remanded with instructions to reinstate the award of the commission.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE KNOUS dissent.

MR. CHIEF JUSTICE YOUNG dissenting.

I dissent from the opinion of the court for the reason that it does not correctly and fully state the facts as disclosed by the record, and for the further reason that the summary of the effect of the specification of points as set forth in the opinion is so general as to be applicable to the specification of points in any case. It fails completely to disclose the issues raised by the plaintiff in error in this court. The opinion in effect says, and says no more, that the points specified for reversal mean that the plaintiffs in error want a reversal of the judgment because it is wrong. The plaintiffs in error, in their brief, summarize their specifications under two contentions which are as follows:

"1. The District Court has no authority to reverse and set aside an award of the Commission, denying compensation to the claimant, even though all of the evidence of the accident produced in the hearing may come from the claimant, and viewed in its most favorable light, would support an award in his favor, if a reasonable inference from the evidence was that he did

not sustain an accident arising out of and in the course of his employment.

"2. The District Court has no authority to set aside an award of the Commission, and it did not make a finding that the injury received arose out of and in the course of the employment, nor that at the time of the accident the claimant was performing services arising out of and in the course of his employment."

The sole issue under the first contention of plaintiffs in error is whether inferences contrary to the direct purport of plaintiff's testimony may reasonably be drawn from the record. Plaintiff is the only person who testified to the circumstances, time and place of his injury. In my opinion, there is no sufficient basis for any such inferences in plaintiff's testimony, or in his subsequent action or inaction, or in any facts to which other witnesses testified. No testimony, facts or circumstances found in the record are set forth as a basis for inferences that claimant's statement of the manner in which the accident occurred is not true.

If claimant's testimony as to the manner and circumstances of his injury — admittedly uncontradicted by other witnesses — is not contradicted or so weakened by permissible contrary inferences as to make his direct testimony unworthy of credit, then the district court was right in holding that there was evidence to support his claim and none to the contrary, thus necessitating a finding of a compensable accident as a matter of law.

As to the second point specified for reversal, the findings of the district court are not as full as might be desired, but it is clear from the specific direction contained in its judgment, that the commission find the amount of compensation to which claimant was entitled under the law, that the district court in fact found that there was no evidence or permissible inference negativing the direct purport of claimant's testimony that he sustained a compensable injury.

In my opinion, the commission was given proper direction by the district court and the judgment should be affirmed.

I am authorized to state that Mr. Justice Knous concurs in this dissenting opinion.