No. 17,698.

OMIE HAMILTON, AS GUARDIAN, ETC. *v.* INDUSTRIAL COMMISSION, ET AL.
(289 P. [2d] 639)

Decided October 24, 1955. Rehearing denied November 21, 1955.

Mr. Lewis M. Perkins, Mr. Howell W. Cobb, Mr. Bently M. McMullin, for plaintiffs in error.

Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Alious Rockett, for the State Compensation Insurance Fund.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter Dye, Assistant, for Industrial Commission of Colorado.

Mr. Frederic B. Emigh, Mr. A. M. Emigh, for defendant in error J. Stanley Weideman, Inc.

*En Banc.*

Mr. Justice Bradfield delivered the opinion of the Court.

This proceeding is to review the judgment of the District Court of La Plata County, Colorado, affirming a finding and award of the Industrial Commission of Colorado denying a claim by plaintiff for compensation for the accidental death of Oscar M. Hamilton on December 17, 1953, near Durango, Colorado, as not being within the course of employment by respondent employer, J. Stanley Weideman, Inc.

The case was referred to the referee who found the deceased was killed while standing beside his trucker friend, at a logging camp on the employer's premises, who had a load of logs to unload; that decedent had been laid off December 11, 1953; that on December 17,

1953, he returned to his employer's premises to collect wages due him and while there met his death; that this accident arose out of and within the course of his employment. The referee made monthly awards to the two minor children of deceased to aggregate $9,311.75 and funeral expenses incurred.

This order of the referee was reviewed by the Industrial Commission which on December 20, 1954, entered its findings and award, "That the facts of this case are sufficiently set forth in the Referee's Order * * *; that the Commission is of the opinion that the injury which resulted in Oscar M. Hamilton's death on December 17, 1953, did not arise out of nor within the course of any employment by respondent employer;" set aside and vacated the referee's order of October 25, 1954, denied and dismissed claimant's claim.

Thereafter on January 10, 1955, the commission vacated its award of December 20, 1954, and on a further review of its findings and award, on February 18, 1955, made its further supplemental award, that "The Commission is unable to find from the evidence how, when or why Hamilton came upon the property of respondent employer, accordingly, the Commission is of the opinion and so finds, that claimant has failed in her duty of establishing that decedent's death arose out of and within the course of his employment;" vacated the referee's order of October 25, 1954, and denied and dismissed claimant's claim. On a further petition for review, the Commission on February 28, 1955, affirmed as final its award of February 18, 1955.

On March 4, 1955, plaintiff filed her action in the District Court of La Plata County to set aside the findings and award of the Industrial Commission and for an order awarding compensation. After a trial to the court, on April 28, 1955, it found "the question involved herein one of fact, not law," that

"a reasonable conclusion could be reached that deceased

was actually on the premises for the purpose of getting his pay, but it could as well be concluded by reasonable men that he was not there for such purpose, or that there was insufficient evidence to show why he was there. The Commission obviously took one of the latter views and found that the claimant did not discharge the evidentiary burden which was hers, of showing that deceased was present for the purpose claimed by her. * * *" The Court "ordered and adjudged that the findings and award of the Industrial Commission of Colorado, dated February 18, 1955 and February 28, 1955 be and are affirmed; that motion for a new trial is hereby dispensed with * * *."

From the record it appears that the employer's mill and office near which the deceased was killed were one mile south of Durango. The employer also operated a logging camp twenty-two miles north of Durango at which place the deceased had been employed. On December 11, 1953 deceased was laid off, but not paid. The employees at the mill received their pay at the office on the 1st and 15th of each month; the employees at the logging camp received their pay at the camp from the foreman ordinarily on the 2nd and 17th but sometimes the 3rd and 18th. When an employee was laid off, he was entitled to be paid immediately at the employer's office, or could wait to be paid the next pay day by the foreman at the camp. The company's office received the time records from the camp foreman on December 15, 1953 and made out a pay check to the deceased for $57.87, being the amount due him.

The deceased was laid off December 11, 1953. He returned to his former employer's premises the sixth day thereafter, December 17, 1953. On that day at breakfast he told his landlady "he was going out to pick up his check that day so he could pay me." The same day at 11:00 a.m. deceased went first to the camp, twenty-two miles north of Durango, to inquire "was there any work open." He made no inquiry about his pay check. Being

told there was no work, he then apparently rode with a friend, Mr. Jonas, a contract hauler, to the company's mill, one mile south of Durango, arriving about 2:15 or 2:30 p.m.; he was there seen "a hundred yards north of the office" at an unloading ramp with Mr. Jonas, "simply standing there visiting." Mr. Jonas was the husband of the deceased's landlady. The deceased had not been to the office. No one witnessed the accident. Thereafter it was determined some logs had rolled backward off the truck, killing both the deceased and Mr. Jonas.

The deceased was divorced but left two minor children surviving him. Their mother, the divorced wife, brought this action as the guardian and next friend of the minors. She seeks compensation for the minors on the ground the deceased was killed in the course of his employment, while going to collect wages due him. Respondent contests the claim on the ground the accident did not arise out of and in the course of his employment.

The Commission on February 18, 1955 and on review February 28, 1955 found there was insufficient evidence to support claimant's claim and dismissed the same. The district court affirmed the findings and award of the Commission. The writ of error is to review this judgment of the district court.

Claimant's arguments for reversal here are:

A. "If an employee who has left his employment without receiving his pay returns to his employer's premises to receive his wages on the next regular pay-day and at the earliest opportunity, his employment continues while he is on the employer's premises for that purpose and if he is accidentally killed while there, his death arises out of and in the course of his employment within the meaning of C.R.S. 1953, 81-13-2 and his dependents are entitled to compensation."

B. "The findings of the Commission as to the facts are legally insufficient to support the award."

C. "The only finding which is possible under the

evidence is that the deceased was on his employer's premises for the purpose of receiving his pay."

 The claimant urges the insufficiency of the facts to support the Commission's award, citing *Metros v. Denver Coney Island,* 110 Colo. 40, 44, 129 P. (2d) 911. This was a hernia case falling under a special statute, C.S.A. '35, c. 97, §359, and based on a different factual situation. However, in that case is the following statement:

"The foregoing paragraphs, (a), (b) and (c) of section 294 (C.S.A. '35) by necessary implication, impose on the commission the obligation of finding the evidentiary and ultimate facts necessary to a determination of a case falling within the act * * *."

*Industrial Commission et al v. Valdez,* 101 Colo. 482, 484, 74 P. (2d) 710:

" 'Inferences and conclusions to be drawn from the evidence in workmen's compensation cases, are for the commission and not for the courts.' "

*American Mining Co. v. Zupet,* 101 Colo. 238, 242, 72 P. (2d) 281:

"The matter of determining the probative effect of evidence in such cases where there is a conflict still remains exclusively with the commission where there is evidence for its consideration or from which it could draw a reasonable inference."

*State Compensation Insurance Fund, et al v. Russell,* 105 Colo. 274, 96 P. (2d) 846; *White v. Industrial Commission,* 104 Colo. 372, 90 P. (2d) 960; *Regal Coal Co. v Jackvich,* 105 Colo. 479, 99 P. (2d) 196; *Industrial Commission v. Day,* 107 Colo. 332, 111 P. (2d) 1061.

In the instant case there is the evidentiary fact, "was deceased on his employer's premises for the purpose of collecting his wages;" and the ultimate question of fact, "did decedent's death arise out of and within the course of his employment." The burden was on claimant to prove these facts. The only direct evidence was the landlady's statement. Then there were conflicting infer-

ences to be drawn from the facts of deceased's subsequent actions. Some of these inferences would be favorable to claimant's claim and some would be unfavorable. On this conflict of evidence and the inferences therefrom, the Commission on the evidentiary fact finds it "is unable to find from the evidence how, when or why Hamilton came upon the property of respondent employer;" and on the ultimate fact, "the Commission is of the opinion *and so finds* that claimant has failed in her duty of establishing that decedent's death arose out of and within the course of his employment." (Emphasis supplied.) These "findings" can have but one meaning —that claimant's evidence was insufficient, and the facts alleged by plaintiff were not proven. No specific wording of the findings is required but the meaning of same must be clearly expressed.

An examination of the record discloses that the evidence and the inferences to be drawn therefrom were of such nature that reasonable men might have concluded that deceased was upon the employer's premises for the purpose of collecting his pay, or that he was not there for that purpose, or that the evidence was not sufficient to show why he was there; the same uncertainty is present with respect to whether the decedent's death was occasioned by an accident arising out of and in the course of his employment, or resulted from an unfortunate incident with which his employer was in no wise responsible. Under such circumstances it was the duty of the Commission to resolve the disputed facts, and having resolved them unfavorably to the claimant, the courts may not interfere.

The judgment of the trial court affirming the Commission's findings is affirmed.

MR. CHIEF JUSTICE ALTER concurs in the result.

MR. JUSTICE HOLLAND and MR. JUSTICE MOORE dissent.

MR. JUSTICE LINDSLEY does not participate.