No. 18,410.

CLAIMANTS IN THE MATTER OF THE DEATH OF LEO W. BENNETT *v.* DURANGO FURNITURE MART AND INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(319 P. [2d] 494)

Decided December 23, 1957. Rehearing denied January 13, 1958.

530

Mr. WILLIAM S. EAKES, Mr. E. B. HAMILTON, for plaintiffs in error.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED BODEN DUDLEY, for defendants in error State Compensation Insurance Fund and Durango Furniture Mart.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were plaintiffs and defendants in error were defendants. We shall refer to plaintiffs (widow and two minor children of Leo W. Bennett) as claimants; to Durango Furniture Mart as "employer"; to defendant in error Industrial Commission of Colorado, as the Commission. Leo W. Bennett will be referred to as the deceased.

This is a workmen's compensation case in which claimants sought compensation for the death of deceased. The

findings and conclusions of the Referee were adverse to claimants, and were approved and confirmed by the Commission. The case was taken to the district court where the decision of the Commission was affirmed. Claimants are here on writ of error.

The facts are accurately stated in the findings of the Referee and we quote the salient portions thereof:

"Leo W. Bennett has been employed by the respondent employers in and about their furniture store for the past seven years to perform manual labor described by one of the owners as medium to heavy. He was occasionally obliged to handle rolls of carpeting and linoleum which weighed between 150 and 300 pounds, but, generally, items were lighter, but of greater bulk. On May 8, 1956, Bennett was required to deliver a pair of boxed mattresses, one a double weighing approximately 75 pounds, and the other a single weighing approximately 55 pounds, to a customer who lived some 4½ miles farther from town than he did, but in the same direction. Bennett made the delivery around quitting time with the intention of terminating his day's work at his home rather than returning to the store. Upon arrival with the mattresses at the home of the customer, Bennett invoked the aid of a neighbor friend to help carry the heavy mattresses into the house, a distance of approximately fifty feet with no stairs. Bennett subsequently carried the smaller mattress into the house, removed the cartons, removed an old mattress from the house, and set the rooms in order, all of which took him about an hour. Before leaving for home, Bennett remarked to his friend that he had a stuffy feeling in his chest. On arrival at his own home, Bennett collapsed at the wheel of his car. The doctor and ambulance were called and he was removed to the hospital where he died a few hours later of a massive posterior myocardial infarction.

"Was decedent's death the proximate result of an accidental strain or injury arising out of and within the course of his employment? While the activities herein-

above described might seem arduous to those sedentarily employed, there appears to be nothing unusual or particularly strenuous for one who has been engaged and for seven years has performed 'medium to heavy labor.' The Referee does not find from the evidence an accidental injury or overexertion."

█ The question presented by this review is: Did the Industrial Commission properly decide that the decedent did not sustain an accidental injury or overexertion arising out of his employment? We are required under this record to answer this inquiry in the affirmative. All the pertinent facts surrounding the activities of decedent on the day of his death were before the Referee and his findings were adverse to the claims of plaintiffs. It necessarily follows that the Commission as trier of the facts weighed the evidence, examined and evaluated the witnesses. Where the evidence is such that reasonable men might differ and honestly arrive at contrary conclusions based on a record such as that before us for review, the findings of the Commission are final and conclusive. The best that can be said of claimant's case is that there is a conflict in the inferences to be drawn from the evidence. No unusual effort or overexertion appears as a matter of law in the case, and the question whether or not there was overexertion, was one of fact for the determination of the Commission. The Referee and the Commission found the decedent's death was not the proximate result of an accidental strain or injury arising out of and within the course of his employment.

In *Industrial Commission v. International Minerals and Chemical Corp.*, 132 Colo. 256, 287 P. (2d) 275, we said:

"A summation of the evidence showed that deceased was taking the place of a relative, who was a regular employee of defendant in error corporation; that his work consisted of assisting one Tony Carrillo in filling sacks with mica at defendant corporation's plant. The

procedure was to place an empty sack on a scale and pull a lever which released the mica in a chute and thus filled the sack. * * * Deceased came back to the plant and told Tony Carrillo that he had eaten his lunch. Up to this time he had done no work except the weighing of the sacks. He found on his return to the plant that Tony Carrillo had loaded a hand truck with four sacks of mica. Deceased pushed the truck twenty-five or thirty feet, dumped it, started back with the empty truck, and after walking about ten feet, collapsed and died within a few minutes. The evidence disclosed that the truck was easy to push; * * * and that there was no evidence that deceased slipped or that he had any accident of any kind." The referee also found death was not caused, hastened or associated with his employment and upon such finding denied and dismissed the claim. The Commission vacated the referee's order and awarded compensation, which award, upon hearing in the district court was set aside. "In so doing the court found there was no evidence of an industrial accident, unusual situation or abnormal working conditions or occurrences that would warrant the conclusion arrived at by the Commission; and, further, that the error of the Commission was an error in its conclusions of law, and since there was no disputed evidence in the record, the finding of the Commission was contrary to its conclusions as to the law."

Quoting further from *Industrial Commission v. International M. & C. Corp.*, supra: "It may be accepted as true that some exertion probably hastened the death; however, there is exertion in all forms of menial labor and the requirements of law in such cases are that there must be more than mere exertion, in other words, the claimant must establish overexertion."

The record discloses that deceased worked for his employer for some seven years. His work was described by the witnesses as from medium to heavy. In doing his regular work deceased handled bulky objects weighing

from 150 to 300 pounds. The work he did on the occasion when he delivered the mattresses was lighter than his usual work. The larger of the two mattresses delivered weighed approximately 75 pounds, and was handled not by the deceased alone but with the assistance of a neighbor in carrying it into the residence. Deceased handled the smaller mattress, weighing about 55 pounds, by himself. We are definitely of the opinion that the record here discloses a situation where conflicting inferences to be drawn from the facts submitted were peculiarly within the province of the Referee and the Commission and having determined them adversely to claimants, there being no question of misapprehension of the law to such facts, the courts may not interfere. *Hamilton v. Industrial Commission,* 132 Colo. 408, 289 P. (2d) 639.

■ An accident arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. The Commission's findings when supported by competent evidence are binding upon the courts. *Metz Lumber Co. v. Taylor,* 134 Colo. 249, 302 P. (2d) 521. *Havel v. Industrial Accident Commission,* (Cal.) 316 P. (2d) 680.

The factual situation disclosed by the record in the instant case readily distinguishes it from *Industrial Commission v. Havens,* 136 Colo. 111, 314 P. (2d) 698.

The findings of the Commission being amply supported by the evidence, the judgment is affirmed.