No. 18,521.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
CLARENCE H. HORNER.
(325 P. [2d] 698)

Decided May 19, 1958.

Mr. HAROLD CLARD THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED BODEN DUDLEY, for plaintiffs in error State Compensation Insurance Fund and R. B. "Dick" Wilson, Inc.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Messrs. SANDHOUSE & SANDHOUSE, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to plaintiffs in error Industrial Commission as the Commission and to R. B. "Dick" Wilson, Inc. as the employer. Defendant in error Horner will be referred to as the claimant.

This is an Industrial Commission case. The claimant sought compensation on account of a heart attack suffered, he claims, while at work. The Commission denied the claim, but the district court in reviewing the proceedings ordered compensation to be paid. To this order and judgment of the district court the plaintiffs in error seek reversal.

The employer is in the business of transporting oil by truck, and the claimant was one of its truck drivers. The testimony at the hearing was that the claimant had worked for the employer four years.

During all of the period of employment he was paid by the trip. His duties involved long hours — sometimes as much as ten hours per day. He also had, over the four year period, often worked seven days a week. He testified that it was not unusual for him to make as many as three trips a day.

On June 5, 1955, claimant reported for work at 7 A.M. and complained to his employer that he was tired and listless and asked permission to haul only one load that day. When he had completed the haul from Merino to Atwood (a distance of six miles) and was on his way to Sterling, his home base (seven miles from Atwood), he was stopped enroute and requested to haul a second load. To this request he acquiesced and made a second haul. On that day he had reported to work at 7 in the morning and was through about 5 in the evening, work-

ing approximately ten hours. On June 6 he did not report for work until 2 o'clock in the afternoon and did not make any of the usual two or three hauls but was in the process of transporting an "inter field load" (driving a tank load of oil from one well to another) when he had chest pains. The doctor testified that when he examined him on June 6 the electrocardiogram "didn't show anything" but because the claimant was complaining of chest pains he ordered bed rest. On June 15, which was nine days later, claimant was complaining of more severe pain and so "a second electrocardiogram was run." The report on that was that the claimant "had an anterio-lateral myocardial infarction which is in lay language, a heart attack."

Upon the foregoing factual situation the referee entered his findings which were adopted by the Commission. The findings were: "The work claimant was doing on June 6, 1955, was identical with the work that he had done every day of his employment prior thereto for a period of 2 to 3 years. The claimant was accustomed to working long hours driving an oil truck, but did nothing on June 5th or 6th, 1955, out of the ordinary or in the nature of overexertion or strain." There was a further finding of the referee that: "from the evidence that the claimant did not undergo any unusual exertion or strain on June 5th or 6th, 1955, or any day immediately prior thereto, and that his heart condition is not compensable under the Workmen's Compensation Act."

We believe the finding of the Industrial Commission is correct. The trial court erred in reversing the Commission's order.

█ This court has repeatedly stated that in order for an injury to be compensable there must be an accident and that the injury complained of must have some causal connection with an industrial accident. In heart cases we have held that a showing of an accidental strain or overexertion is necessary to meet the test of an industrial accident, and we have repeatedly stated

that the burden is upon the claimant to establish by competent evidence that he has suffered an accidental injury arising out of and in the course of his employment.

The question to be answered here is identical with the question which we recently answered in *Claimants of Bennett v. Durango Furniture Mart,* 136 Colo. 529, 319 P. (2d) 494, to-wit: "Did the Industrial Commission properly decide that the decedent did not sustain an accidental injury or overexertion arising out of his employment?" We are, as in *Claimants of Bennett v. Durango Furniture Mart,* supra, "required under this record to answer this inquiry in the affirmative."

In a similar case, *Industrial Commission of Colorado v. International Minerals and Chemical Corporation,* 132 Colo. 256, 287 P. (2d) 275, this court said:

"The evidence is undisputed to the effect that there was no overexertion or anything outside of the usual work that was being done by decedent. It may be accepted as true that some exertion probably hastened the death; however, there is exertion in all forms of manual labor and the requirements of law in such cases are that there must be more than mere exertion, in other words, the claimant must establish overexertion. The undisputed evidence is that decedent was doing the regular work required by the job which was the work being done all the time by the regular employees. * * *"

This record shows that on June 6 claimant did not come to work until mid-afternoon, and not only did not overexert himself but had a much lighter day than usual since he was only driving between oil wells in an "interfield" operation as distinguished from driving on the highway between towns. The day before he hauled only two inter city loads instead of the usual three although he worked about the usual number of hours. There was nothing unusual or extraordinary about anything he did on either of those days or on any of the days prior thereto. The first evidence indicating that he

372

had any difficulty with his heart, other than the pain, was on June 15. Plaintiff is relying upon the medical evidence tracing the myocardial infarction as demonstrated by the June 15 electrocardiogram back to June 6 as a probable date of the onset, but what he has failed to establish is the causal connection between the onset of the attack and an unusual or extraordinary strain or overexertion amounting to an industrial accident.

The judgment is reversed and the cause remanded with directions to the trial court to affirm the order of the Commission denying the claim.