Opinion by
Mr. Justice Day.
The question presented by this writ of error is whether a seventy year old carpenter, of more than forty-seven years experience in his trade, who suffered a prior heart attack from which he had not fully recovered and who was shown to have died from coronary occlusion due to coronary sclerosis and to arteriosclerosis, can be said to have suffered an accidental death proximately caused by his employment.
The Industrial Commission, in its findings, stated:
“No evidence is presented that decedent was performing other than the ordinary work of his trade. Indeed, the work as described, seems to have been lighter than the regular work of a carpenter. No evidence is presented of accidental strain or accidental overexertion which can be considered as an accidental injury.”
The record also shows that the claimant widow, Mrs. Jones, seeking death benefits under the Workmen’s Compensation Act, did not present any competent medical evidence to establish a causal connection between the work decedent was doing and the heart attack suffered while at his work and from which he died. The only evidence on the point, viewed in its most favorable light, was negative. A medical witness stated, “Who can say that what he was doing did not cause the heart attack?” He also asserted the converse to be true — that no one could say that it did.
The trial court on review sustained the findings, conclusions and final order entered by the Commission. Both the Commission and the court concluded that the widow failed to sustain the burden of establishing that the death resulted from an accident arising out of the employment. The findings of the Commission, based upon the undisputed evidence and the inferences to be drawn therefrom, not susceptible of any other conclu *255 sion than that reached by the Commission, will not be disturbed by this court on review. See Industrial Commission v. Horner, 137 Colo. 368, 325 P. (2d) 698, and authorities cited therein.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Frantz concur.