467 P.2d 48 (1970)
Claim of Ivan R. CRANDALL, Plaintiff in Error,
v.
WATSON-WILSON TRANSPORTATION SYSTEM, INC., Transport Insurance Company, and The Industrial Commission of the State of Colorado, Defendants in Error.
No. 24254.
Supreme Court of Colorado, En Banc.
March 30, 1970.
Rehearing Denied April 20, 1970.
William L. Carew, Thomas H. Birch, Colorado Springs, for plaintiff in error.
Wormwood, Wolvington, Renner & Dosh, William P. De Moulin, Denver, for Watson-Wilson Transp. System, Inc. and Transport Ins. Co.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for Industrial Commission of Colorado.
HODGES, Justice.
The claimant, Ivan R. Crandall, alleged before the Industrial Commission that he sustained a compensable back injury in the course of his employment with Watson-Wilson Transportation System, Inc. After hearings, the Commission denied the claim, and on review the trial court affirmed the action of the Commission.
From this judgment, the claimant prosecutes this writ of error on assertions that the findings of the Commission are insufficient and that the evidence before the referee of the Commission does not support *49 the findings, conclusion and order of the Commission. From our review of this record, we conclude that the claimant's assignments of error are without merit and we therefore affirm the judgment of the trial court.
As the evidence unfolded at the Commission hearings, it became obvious that the controlling issue was whether the claimant did or did not have an industrial accident on November 8, 1967, as alleged. A brief resume of the evidence will suffice to furnish an understanding of this issue.
Before going to work for Watson-Wilson in August 1965, the claimant had been employed by another transportation company and had sustained a serious injury to his back requiring three laminectomies. Before being employed by Watson-Wilson, his back condition was a subject of discussion with the terminal manager of Watson-Wilson. At that time, the claimant stated that he would be able to do the work required and he was therefore hired.
During this employment with Watson-Wilson, claimant continued to experience back pain and sought treatment from time to time. The claimant stated that on November 8, 1967 he injured his back while lifting a roll of carpet. He testified that he told the terminal manager on this date of the accident and injury. The terminal manager denied this and testified that he received no report of this injury from the claimant until several months later and after the claimant's employment had been terminated.
On November 8, 1967, after his alleged back injury, the claimant did become ill from inhaling insecticide fumes while sweeping out a truck-trailer in which some insecticide had been spilled. Later, on the same day, he was hospitalized and treated for poison inhalation. The doctor who first examined him and treated him at the hospital stated that claimant made no mention to him of any back injury occurring on that date nor did he report the alleged back injury to another doctor who examined him the following day. The claimant, however, testified that he did tell this doctor that he injured his back on November 8, 1967.
After release from the hospital, claimant resumed his employment as a truck driver and delivery man. Because of his continuing complaints about back pains, a request had been made to assign him to lighter work but no such work was available at Watson-Wilson. In February 1968, his employment was terminated because of his inability to perform his work. Thereafter, he filed his claim for the alleged back injury of November 8, 1967.
The effect of the referee's findings as affirmed and adopted by the Industrial Commission is that the evidence failed to establish the occurrence of an accident and resultant back injury on November 8th, and that the claimant's painful and unstable back was due to a pre-existing condition.
On these points, the Commission's findings are sufficiently specific as to evidentiary and ultimate facts. Although the evidence was conflicting, the Commission obviously rejected the evidence in favor of the claimant. For the most part, this favorable evidence consisted of the claimant's statements and testimony.
It is not required, as claimant contends, that the degree of specificity of Industrial Commission findings encompass the specific rejection of evidence which was not persuasive. In order to comply with the requirements of C.R.S.1963, 81-14-6, it is necessary only that the evidentiary and ultimate findings be specific as to that evidence which the Commission deems to be persuasive and determinative of the issues to be resolved. In our view, the findings in this record comport with the requirements of specificity as outlined recently in Womack v. Industrial Commission, Colo., 451 P.2d 761.
The claimant also argues that the evidence before the Commission was insufficient to support the findings and order of the Commission. This is not borne out by our examination of this record. There *50 is ample evidence and clear inferences to be drawn therefrom to sustain a finding that no accident causing the claimed injury occurred as alleged by the claimant. Where findings of the Industrial Commission are supported by the evidence, they may not be overturned by a reviewing court. United States Fidelity and Guar. Co. v. Industrial Commission, 128 Colo. 68, 259 P.2d 869.
The weight and sufficiency of the evidence, and the inferences and conclusions drawn therefrom, are matters solely within the prerogative of the Industrial Commission. Hamilton v. Industrial Commission, 132 Colo. 408, 289 P.2d 639; Industrial Commission v. Valdez, 101 Colo. 482, 74 P.2d 710. Also, the matter of determining in the first instance the probative effect of the evidence in cases where the evidence is in conflict, remains exclusively with the Industrial Commission. American Mining Company v. Zupet, 101 Colo. 238, 72 P.2d 281. And, the Industrial Commission's findings based upon conflicting evidence are conclusive on review. Vanadium Corporation of America v. Sargent, 134 Colo. 555, 307 P.2d 454.
Judgment affirmed.
DAY and KELLEY, JJ., not participating.