DON WARD & COMPANY and Transport Indemnity Company, Petitioners,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Director, Department of Labor and Employment, Division of Labor, State of Colorado, and Curtis A. Carrington, Respondents.

No. 85CA1195.

Colorado Court of Appeals, Div. III.

June 12, 1986.

Blackman & Levine, Tama L. Levine, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Dept. of Labor and Employment.

Dawes and Crane, P.C., Bethiah Beale Crane, Durango, for respondent Carrington.

VAN CISE, Judge.

Don Ward and Company and Transport Indemnity Company (petitioners) seek review of a final order of the Industrial Commission which awarded Curtis A. Carrington (claimant) maximum permanent partial disability benefits. We affirm.

Claimant sustained an admitted injury and, because of residual physical restrictions, was unable to return to his employment as a truck driver. After several months of vocational rehabilitation efforts, claimant secured, on his own, employment as a trainee diesel mechanic. This job paid $6.00 hourly with possible increases to $6.75 hourly. Claimant is required to work 12 hours per day for 21 consecutive days, followed by 2 days off. Claimant is also required to remain on 24–hour call and is paid $9.00 hourly for overtime. He averages between 17 and 40 overtime hours per week, the net effect of which results in post-injury income which exceeds his previous earnings. As a truck driver, claimant was paid on a per trip basis and his earnings translated into an approximately $8.82 hourly wage rate.

Claimant's treating physician rated his permanent impairment as seven percent. However, claimant asserted his lost earning capacity was greater since he had to work extensive overtime to match his pre-injury income. Claimant also asserted that his physical restrictions precluded him from obtaining a truck driver position with his current employer which had the potential for greater earnings than that of a mechanic.

The Industrial Commission determined that claimant's employment opportunities had been diminished and that claimant had suffered at least a 25 percent wage loss. After considering each of the enumerated factors in § 8–51–108(1)(b), C.R.S. (1985 Cum.Supp.), the Commission concluded that claimant's permanent partial disability was at least 25 percent which resulted in an award of the maximum benefits.

■ On review, petitioners contend that since claimant's post-injury gross income exceeds his pre-injury gross income, the Commission erred in finding a 25 percent wage loss. We disagree.

Our supreme court has held that post-injury earnings are not presumptive evidence of a worker's true earning capacity. *See Vail Associates, Inc. v. West,* 692 P.2d 1111 (Colo.1984). In so holding, the court acknowledged that longer hours might well be a factor which would account for a post-injury wage increase, but may not have a direct bearing on earning capacity. Indeed, a fair comparison of pre-injury and post-injury earnings is possible only if like factors are considered. Therefore, the proper comparison of wages should be on an hour for hour, or other like unit basis.

■ Petitioners also assert that the Commission's award somehow penalizes them because they have been afforded no "cred-

it" for providing vocational rehabilitation benefits. Again, we disagree.

The goal of vocational rehabilitation is to locate suitable employment for an injured worker. While it is every employer's hope that a vocational rehabilitation program will result in employment which will substantially minimize or eliminate impaired earning capacity, there can be no guarantee that such will occur. Here, the employment located did not obviate impaired earning capacity. However, petitioners approved claimant's acceptance of the new employment with full knowledge of the wage rate he would earn. Therefore, they cannot now complain of error simply because the award which ensued was greater than that which they contemplated.

■ Petitioners' complaint that the Commission failed to give them any "credit" for the fact that vocational rehabilitation services were provided to the claimant is without merit. Section 8–49–101(1)(a), C.R.S. (1985 Cum.Supp.) provides that an injured employee may not receive *both* temporary total disability benefits and income maintenance benefits while attending a rehabilitation program. There is no provision in the Workmen's Compensation Act for the amount paid for vocational rehabilitation to be offset against a permanent disability award.

The order is affirmed.

KELLY and METZGER, JJ., concur.