Gary L. ROE, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado; Alpine Plumbing & Heating, Inc.; State Compensation Insurance Fund; and Robert J. Husson, Director, Division of Labor, Department of Labor and Employment, State of Colorado, Respondents.

No. 85CA1535.

Colorado Court of Appeals,
Div. III.

Oct. 2, 1986.

Rehearing Denied Oct. 23, 1986.

Certiorari Denied (Roe) March 30, 1987.

Culkin & Vogel, Ruth K. Vogel, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Husson.

Margaret D. Keck, Denver, for respondents State Compensation Ins. Fund and Alpine Plumbing & Heating, Inc.

BABCOCK, Judge.

Claimant, Gary L. Roe, seeks review of a final order of the Industrial Commission suspending his temporary total disability

benefits and vocational rehabilitation benefits over two separate periods of time and denying his motions to consolidate two other pending workmen's compensation claims with this proceeding. We affirm.

In March 1983, claimant suffered a compensable lower back injury while employed as a plumber with Alpine Plumbing & Heating, Inc. (employer). Employer's insurer, State Compensation Insurance Fund (the Fund), admitted liability for temporary total disability benefits for this injury. On April 6, 1983, claimant suffered an unrelated neck injury in an automobile accident.

In September 1983, the Fund began providing vocational rehabilitation services to claimant. A pre-vocational rehabilitation plan was developed to use claimant's transferable skills in getting him plumbing-related employment. However, rehabilitation efforts ceased March 13, 1984, when claimant was scheduled for surgery for the neck injury. On June 25, 1984, claimant was released to return to work with restrictions, and was again able to participate in vocational rehabilitation.

In July 1984, the Fund filed a petition seeking to modify, terminate, or suspend compensation effective from April 6, 1983, alleging that medical reports indicated claimant was disabled primarily by the unrelated neck injury. Hearings on suspension of benefits were held October 19, 1984, and January 11, 1985.

Before the first hearing, employer offered claimant a full-time job as a materials coordinator which entailed coordinating the provision of plumbing supplies to employer's job sites. Claimant declined this offer on October 18, 1984.

After the first hearing, the vocational counselor conducted an analysis of the materials coordinator job. Its physical requirements involved driving to the job sites, conferring with plumbers on supply needs, and ordering and delivering supplies. No heavy labor was required.

At the second hearing, the vocational counselor testified that this position was within the physical restrictions imposed by claimant's back and neck doctors, and was within claimant's training and skills. The vocational counselor testified that claimant, therefore, needed no further vocational rehabilitation.

Also before the first hearing, claimant filed a separate claim with a motion to consolidate that claim in this proceeding. In that claim, claimant sought benefits for lead poisoning and carpal tunnel syndrome, alleging these were occupational diseases he had contracted as a plumber. On the date of the second hearing, claimant filed a third claim seeking benefits for the April 6, 1983, neck injury which he alleged for the first time was job-related. He sought to consolidate that claim with this proceeding.

The hearing officer found that compensability had not yet been determined in either of the other claims and that they concerned issues distinct from those in this proceeding. Therefore, both motions to consolidate were denied. The hearing officer ordered suspension of temporary total disability benefits and vocational rehabilitation benefits for the period from March 13, 1984, to June 25, 1984, concluding that the Fund was not responsible for such benefits during the time claimant was incapacitated for reasons other than the compensable back injury.

The hearing officer also ordered suspension of temporary total disability benefits and vocational rehabilitation benefits from October 18, 1984, forward. He found that the materials coordinator job constituted suitable gainful employment for which claimant had sufficient prior training and skills, that it was within his physical restrictions, and that he could have performed the work. The hearing officer concluded that claimant was therefore not entitled to temporary total disability benefits or vocational rehabilitation benefits from the date he declined this employment. The Commission affirmed the hearing officer's findings and decision.

I.

A.

On review, claimant contends that the Commission erred in suspending his voca-

tional rehabilitation benefits because the Commission's findings did not comply with its regulations concerning the suspension of such benefits. Specifically, claimant argues that the Commission erred in finding that the materials coordinator job offered by employer constituted suitable gainful employment absent a showing that claimant could obtain such a job in the general labor market. We disagree.

■ The goal of vocational rehabilitation is to locate suitable gainful employment for an injured worker. *Don Ward & Co. v. Industrial Commission,* 722 P.2d 1026 (Colo.App.1986); § 8–49–101(4), C.R.S. (1985 Cum.Supp.). What constitutes suitable gainful employment is a question of fact, and the Commission's determination, if supported by substantial evidence, is binding on review. *Timberline Sawmill & Lumber Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App.1981).

■ Here, the Commission's determination that the materials coordinator job constituted suitable gainful employment is supported by substantial evidence. The Commission found, on supporting evidence, that claimant was able to perform this work and that it was suitable within his qualifications. Contrary to claimant's argument, no more was required.

■ Under Industrial Commission Rule V B.6., 7 Code Colo.Reg. 1101–3 (1983), employability in the general labor market is only one factor considered in determining suitable gainful employment. However, for a particular job opportunity to be found suitable, it is not essential that the general labor market also be favorable.

■ Furthermore, the Commission's suspension of vocational rehabilitation benefits was justified under Industrial Commission Rule V E., 7 Code Colo.Reg. 1101–3 (1983). The Commission found, on supporting evidence, that claimant had declined suitable gainful employment and that he had been unable to participate in vocational rehabilitation during the three-month period for reasons unrelated to his compensable back injury. These findings are sufficient to support suspension of vocational rehabilitation benefits over each time period.

### B.

Claimant argues that suspension of temporary total disability benefits was erroneous absent a finding that claimant had reached maximum medical improvement. Under the facts here, we disagree.

■ Temporary disability benefits are designed to protect an injured worker against lost wages or impaired earning capacity arising from a compensable injury. *Monfort v. Husson,* 725 P.2d 67 (Colo.App. 1986); *see* §§ 8–51–102 and 8–51–103, C.R.S. (1985 Cum.Supp.). An injured worker need not reach maximum medical improvement to justify suspension of temporary disability benefits if intervening events indicate that wage loss or impaired earning capacity results from factors other than the compensable injury. *See Monfort v. Husson, supra.*

■ Here, the Commission's findings were sufficient to support its suspension of benefits. Claimant's impaired earnings and incapacity resulted from his unrelated neck injury and, later, from his rejection of suitable employment. *See Monfort v. Husson, supra; Nelson v. King Soopers, Inc.,* 703 P.2d 1338 (Colo.App.1985).

### C.

Claimant's assertions that the Commission erred in failing to consider all the evidence, that its findings were against the weight of evidence, and that it failed to make sufficient findings are without merit.

■ At the second hearing, claimant tendered a psychological report for consideration. The hearing officer sustained the Fund's objection to this report because claimant had failed to give prior notice of it. Since no good cause was shown for claimant's failure to provide the required advance notice, it was properly excluded. *See* Industrial Commission Rule VIII B.1., 7 Code Colo.Reg. 1101–3 (1983).

■ Further, it is for the trier of fact to determine credibility of witnesses and as-

sess the weight and sufficiency of the evidence, and the Commission's resolution of a disputed issue, when supported by substantial evidence, is binding on review. *Monfort v. Husson, supra; Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985). Moreover, evidentiary and ultimate findings need be specific only as to the evidence the Commission deems persuasive and determinative of the issues resolved. *Crandall v. Watson-Wilson Transportation System, Inc.,* 171 Colo. 329, 467 P.2d 48 (1970); *Churchill v. Sears, Roebuck & Co.,* 720 P.2d 171 (Colo. App.1986). Here, the Commission's findings were supported by substantial evidence and were sufficient to support its order. *See* § 8–53–120, C.R.S. (1985 Cum. Supp.).

■ Claimant asserts that the Commission erred in considering issues beyond the scope of the Fund's petition and basing its suspensions of his benefits on grounds different from those alleged in the petition. Since this issue was raised for the first time in the petition for review, we do not consider it. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App. 1986).

## II.

■ Finally, claimant contends that the hearing officer erred in refusing to consolidate his other claims with this proceeding. He argues that consolidation was necessary for a meaningful determination regarding his physical ability to engage in suitable employment. We perceive no error.

Pursuant to § 8–53–103(1), C.R.S. (1985 Cum.Supp.), hearing officers are empowered to dispose of procedural requests and to control the course of hearings as determined appropriate. Here, the other claims concerned distinct issues, and the compensability of the injuries there at issue had not been determined. Moreover, claimant will have another opportunity to litigate his other claims. Under these circumstances, the hearing officer did not abuse his discretion in denying claimant's motions to consolidate.

Claimant's remaining contentions are without merit.

Order affirmed.

PIERCE and TURSI, JJ., concur.