**WHITE STAR LINEN RENTAL and State Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and Louise Ellis, Respondents.**

**No. 88CA1427.**

Colorado Court of Appeals,
Div. V.

Sept. 21, 1989.

Rehearing Denied Oct. 26, 1989.

Certiorari Denied Feb. 20, 1990.

Anderson, Campbell and Laugesen, P.C., Raymond F. Callahan, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Marvin Firestone, MD.JD and Associates, P.C. Marvin Firestone, Boulder, for respondent Louise Ellis.

Opinion by Judge RULAND.

White Star Linen Rental and State Compensation Insurance Authority, petitioners, seek review of a final order of the Industrial Claim Appeals Office (Panel) which awarded temporary disability benefits to Louise Ellis, claimant. We affirm.

At the hearing, claimant testified that she arrived for work with her husband at her normal time early in the morning and prior to her scheduled working hours. Because the office building was locked, claimant walked to the loading dock of White Star's plant building for the purpose of entering that building to secure keys for the office building. There she was accosted by an unknown assailant with a gun who threatened to kill her. The assailant forced claimant and her husband to drive him in their truck to a distant destination and drop him off. Following this incident, claimant suffered a post-traumatic stress reaction which caused nightmares, inability to relax, anxiety, and fear of being in public places.

Claimant sought disability and medical benefits for her post-traumatic stress problems. The Administrative Law Judge concluded that claimant suffered a work-related injury that arose out of and within the course and scope of her employment and awarded her disability and medical benefits.

The Panel affirmed, concluding that the positional risk doctrine supported the ALJ's determination that the claimant's injury arose out of her employment. The Panel also concluded that the ALJ's findings authorized an award of temporary disability benefits pursuant to § 8–52–102(2), C.R.S.

(1986 Repl.Vol. 3B) which governs awards for mental or emotional distress.

## I.

On review, petitioners first contend that claimant did not sustain her burden of establishing that her injury arose out of her employment. Specifically, they contend that because the incident occurred before commencement of the business day at a location outside White Star's plant, the positional risk doctrine does not apply. However, we view *Tolbert v. Martin Marietta Corp.*, 759 P.2d 17 (Colo.1988) as dispositive, and we agree with the Panel's interpretation of that opinion.

In order for the positional risk doctrine to apply under *Tolbert,* the claimant's job must place claimant at a particular place at a particular time and the injury must result from a "neutral force." "Neutral force," in the case of an assault, refers to an attack upon the claimant which is neither personal to her nor distinctly associated with her employment.

The "place" requirement was satisfied here because claimant was on White Star's dock at the time she was accosted, a place she could be expected to be because of her employment. The "time" requirement was also satisfied because claimant was on the dock at a time when she usually started her work day. Finally, the claimant was injured by a "neutral force" as explained in *Tolbert* because she was accosted by a stranger.

Contrary to petitioners' contention, application of the positional risk doctrine in this case does not negate the rule which precludes compensation to employees who are injured "going to and coming from" work. *See Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967). This is so because claimant had already arrived at work on White Star's premises and she was simply securing keys to enter the specific building where she was employed.

## II.

Section 8–52–102(2)(c), C.R.S. (1986 Repl. Vol. 3B) provides that a claim for mental or emotional stress may not be based, in whole or in part, upon "facts and circumstances that are common to all fields of employment." Petitioners contend that the award for mental or emotional stress was error here because claimant's injury arose out of an incident common to all fields of employment. This contention lacks merit.

The phrase "facts and circumstances *common* to all fields of employment" has not been construed by this court. To do so, we look first to the words of the statute to establish legislative intent. The words and phrases must be accorded their plain and ordinary meaning, unless an absurd result is reached by that process. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

Reviewing the statute by this standard, we construe "common" to include an incident which is "usual," "ordinary," or "customary." *Black's Law Dictionary* 344 (rev. 4th ed. 1968). Given this generally accepted meaning, we agree with the Panel's conclusion that encounters with an armed assailant are not generally shared by *all* fields of employment.

We have considered petitioners' other contentions and conclude that these contentions lack merit.

Order affirmed.

METZGER and REED, JJ., concur.