Sharon Kay RIDDLE, Petitioner,

v.

AMPEX CORPORATION, National Union Fire Insurance Company, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 91CA1058.

Colorado Court of Appeals,
Div. I.

March 19, 1992.

Rehearing Denied May 14, 1992.

Certiorari Denied Nov. 11, 1992.

Richard E. Falcone, Colorado Springs, for petitioner.

Anderson, Campbell and Laugesen, P.C., Raymond F. Callahan, Denver, for respondents Ampex Corp. and Nat. Union Fire Ins. Co.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge PIERCE.

Sharon Kay Riddle, claimant, contests an order of the Industrial Claim Appeals Panel denying and dismissing her claim for stress-related disability. We affirm.

The claimant alleges that she was rendered totally and temporarily disabled by mental stress caused by the implementation of a no-smoking ban in the electronics manufacturing plant of the employer, Ampex Corporation.

In 1986, Ampex instituted a smoking restriction which confined tobacco smoking to the employees' cafeteria. A representative of the employer testified that the restriction was imposed in response to complaints from non-smoking employees, as well as the company's recognition of state and local initiatives underway at that time to impose smoking restrictions in public places, including in the workplace.

Despite the smoking restriction, tobacco smoke and associated by-products continued to circulate through the manufacturing plant's air duct system. In 1987, air-borne particulates and toxins were detected in the company's research and development laboratory, an occurrence that the company feared could potentially affect its efforts to develop a new, high tech product.

In addition, the employer's representative testified that complaints from non-smoking employees had "probably doubled" after the smoking restriction was implemented because tobacco smoke was now intensified and increased in the cafeteria.

Consequently, in April 1988, the employer adopted a smoking ban which prohibited tobacco smoking inside the plant building, but allowed smoking on outside premises. The company attempted to mitigate the impact on employees who smoked by giving advance written notice of both the 1986 and the 1988 smoking-restriction policies. In addition, the company on two separate occasions sponsored a smoking cessation program and offered to pay the costs of the program for those employees who successfully completed the course.

In July 1988, the claimant took leave from employment, and in October 1988, she resigned because of alleged work-stress. Claimant, a 1–2 pack per day, 24–year cigarette smoker, was diagnosed as suffering from major depression, nicotine dependence, and post-traumatic stress disorder. The physicians and psychologists who examined the claimant agreed that her condition was probably precipitated by the workplace smoking restriction, but they generally felt the severity of her condition was attributable to underlying non-occupational factors.

The Administrative Law Judge (ALJ) found that claimant had established three of the four statutory requisites for workers' compensation liability set forth in § 8–52–102(2), C.R.S. (1986 Repl.Vol. 3B) (subsequently amended and now codified at § 8–41–301(2), C.R.S. (1991 Cum.Supp.)).

However, the ALJ found that smoking restrictions are common in today's workplace. The ALJ concluded that claimant failed to satisfy § 8–52–102(2)(c), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–41–301(2)(c), C.R.S. (1991 Cum.Supp.)), which provides that work-related stress disabilities are not compensable if they are based "in whole or in part, upon facts and circumstances that are common to all fields

of employment" and that "the facts and circumstances" were "not unique to [claimant's] employment."

In addition, the ALJ found no persuasive evidence that the employer had retaliated against the claimant because of her opposition to the smoking ban, as the claimant had alleged.

The ALJ's order denying and dismissing the claim was affirmed by the Industrial Claim Appeals Panel.

## I.

■ Claimant disputes the ALJ's finding that smoking restrictions are common in today's workplace. The claimant makes a distinction between work sites which have designated smoking areas and work sites which have total smoking bans and asserts that "total smoking bans" are not common to all fields of employment. We reject this contention.

It is undisputed that Ampex freely permitted its employees to smoke on the company premises, outside the plant building. Therefore, we reject the claimant's characterization of the restriction as a "total smoking ban." Further, there was abundant evidence from many of the witnesses, including the claimant herself and her treating physician, that smoking restrictions are a common fact in today's life, not only in the workplace but in social and commercial environments as well.

In *Holme, Roberts & Owen v. Industrial Claim Appeals Office*, 800 P.2d 1332 (Colo. App.1990), this court ruled that work conditions which are objectively common to all fields of employment might nevertheless be uncommon under the particular facts and circumstances of a given case. Thus, while performance evaluations and disciplinary actions are common to all fields of employment, discipline which is arbitrary, unreasonable, or taken in bad faith is not common to all fields of employment.

The foregoing evidence was sufficient to establish that smoking restrictions are common in today's workplace and that the particular restriction at issue here was not imposed in a manner that was arbitrary, unreasonable, or in bad faith.

## II.

■ Claimant, however, asserts that the ALJ gave inadequate consideration to her testimony that she suffered harassment and retaliation from the employer because of her opposition to the smoking restriction. She further contends that the ALJ imposed an undue burden of proof under § 8–52–102(2)(c) and failed to make sufficient factual findings reflecting the basis of his decision. We reject these contentions.

Claimant presented no corroborative evidence in support of her allegations of retaliatory action, and the ALJ found her account to be unpersuasive. We are bound by the ALJ's resolution of the credibility issue. Section 8–43–308, C.R.S. (1991 Cum. Supp.); *Varsity Contractors v. Baca*, 709 P.2d 55 (Colo.App.1985).

■ In addition, the ALJ is required to make specific findings only as to the evidence which is deemed persuasive and determinative. *Roe v. Industrial Commission*, 734 P.2d 138 (Colo.App.1986). There is no obligation to address every issue raised or evidence which is unpersuasive, *Crandall v. Watson–Wilson Transportation System, Inc.*, 171 Colo. 329, 467 P.2d 48 (1970); nor is the ALJ held to a crystalline standard in articulating the administrative order. *See George v. Industrial Commission*, 720 P.2d 624 (Colo.App.1986).

■ Here, the ALJ made detailed factual findings regarding the facts and circumstances pertinent to the claimant's alleged stressors and the conflicting inferences from the medical evidence on causation. In addition, the order contains a verbatim copy of the applicable statute, indicating the ALJ's awareness of the correct evidentiary burden.

Reviewing the order in its entirety, together with the evidence and the reasonable inferences therefrom, we are satisfied that the claim was properly dismissed. *See*

*Eisnach v. Industrial Commission,* 633 P.2d 502 (Colo.App.1981).

The order is affirmed.

TURSI and REED, JJ., concur.