James L. YOUNG, Petitioner,

v.

THE INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Faricy Truck and Equipment Company, Maryland Casualty Company, and Truckers Insurance Exchange, Respondents.

No. 92CA1303.

Colorado Court of Appeals, Div. I.

June 17, 1993.

Rehearing Denied Sept. 9, 1993.

Ozer & Mullen, P.C., Joseph W. Ruppert, Colorado Springs, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Law Offices of Robert A. Weinberger, P.C., Thomas L. Kanan, Denver, R.D.' Thomas, Colorado Springs, for respondent Faricy Truck and Equip. Co.

Law Offices of Robert A. Weinberger, P.C., Thomas L. Kanan, Denver, for respondent Maryland Cas. Co.

R.D. Thomas, Colorado Springs, for respondent Truckers Ins. Exchange.

Opinion by Judge MARQUEZ.

James L. Young (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel dismissing and denying his claim for workers' compensation stemming from work-related stress. We remand for further proceedings.

Claimant alleged that his resignation from his sales position with Faricy Truck & Equipment Co. (employer) was related to stress caused by his job conditions, particularly his supervisor's unwarranted scrutiny. Although claimant testified that certain personal problems were unrelated to the stress from which he suffered during his employment, the Administrative Law Judge (ALJ) inferred, based on the evidence as a whole, that claimant suffered serious anxiety and stress as a result of his personal relationship problems outside of his employment.

The claim for work-related stress was denied and dismissed because the ALJ concluded that claimant did not establish that his stress condition was proximately caused solely by hazards to which he would not have been equally exposed outside of his employment. In affirming, the Panel concluded that the ALJ's finding that claimant's condition was partially the result of purely personal stressors was supported by substantial evidence and supported the denial of the claim.

Claimant contends that the denial of his claim was based on an incorrect legal standard for stress claims. We conclude that further findings are necessary.

■ At issue are two ostensibly conflicting statutory provisions governing stress claims. The first of these is now codified as § 8–41–302(1), C.R.S. (1992 Cum.Supp.). It provides that:

'Accident', 'injury', and 'occupational disease' shall not be construed to include disability or death caused by or resulting

from mental or emotional stress unless it is shown by competent evidence that such mental or emotional stress is proximately caused *solely* by hazards to which the worker would not have been equally exposed outside the employment. (emphasis added)

Section 8–52–102(2), C.R.S. (1986 Repl. Vol. 3B) (now recodified with substantial changes at § 8–41–301(2), C.R.S. (1992 Cum.Supp.)) sets forth additional compensability requirements for claims based on mental or emotional stress. Subsection (b) of that statute imposes a requirement that:

The emotional or mental stress which is the basis of the claim must have arisen *primarily* from the claimant's then occupation and place of employment.... (emphasis added)

Although the ALJ focused on the "solely" requirement in the first statute quoted above, the Panel concluded that the terms "solely" and "primarily" could be reconciled. Claimant argues that "primarily" is the correct standard, and that using only "solely" ignores the former term. However, if we were to adopt the logic urged by claimant, we would again ignore one term at the expense of the other. Hence, like the Panel, we find that since it is possible to construe the terms harmoniously, we are obliged to do so. *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991).

Implicit in the provision that uses the term "solely" is a framework anticipating three types of mental stress conditions. The statute contemplates that stress may be caused only by personal factors, or only by industrial factors, or by a combination of the two. In our view, for a mental condition to be compensable under the Workers' Compensation Act, the hazards causing the stress must be more attributable to the workplace than to a claimant's personal problems.

This construction gives effect to the "equal exposure" phrase in § 8–41–302(1) which envisions *some* exposure to stress outside the employment. Compensability hinges only on the condition that there not be *equal* exposure to a stressor both within and outside the workplace. Hence, "sole-

ly" in this context, when tempered by the "equal exposure" language, could essentially be interpreted as meaning "primarily".

■ We therefore conclude that some confusion resulted from the ALJ's reference to the "solely" requirement both in a bench comment and in the written order. We are unable to determine whether the ALJ found that although claimant's stress condition resulted from both industrial and personal sources, the stress was more attributable to claimant's personal life.

Claimant also contends that the Panel erred by affirming, since the Panel found that insufficient findings were made regarding the requirement in the provision now codified as § 8–41–301(2)(c), C.R.S. (1992 Cum.Supp.) that the stress cannot be based upon facts and circumstances that are common to all fields of employment. However, since we are remanding for further findings, we need not address this issue.

The cause is remanded for further findings consistent with the views expressed herein.

PIERCE and NEY, JJ., concur.