**Mildred E. TRUJILLO, Petitioner,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OF- FICE OF the STATE OF COLORADO and Public Service Company of Colora- do, Respondents.**

**No. 97CA1791.**

Colorado Court of Appeals, Div. V.

April 30, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Scott A. Meiklejohn, LLC, Scott A. Meiklejohn, Denver, for Petitioner.

No Appearance for Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Michael A. Perales, Denver, for Respondent Public Service Company of Colorado.

Opinion by Judge STERNBERG.*

Mildred E. Trujillo (claimant) petitions for review of a final order of the Industrial Claim Appeals Office (Panel) denying and dismissing her claim for workers' compensation benefits for a mental impairment caused by her employment with Public Service Co. (employer). We affirm.

Crediting the opinion of the claimant's treating psychiatrist, the Administrative Law Judge (ALJ) found that claimant suffered mental impairment from the cumulative effects of work-related stressors while working for employer. The ALJ determined that certain stressors, caused by action taken prior to January 1994, included being shunned and ignored by her co-workers, being exposed to racial jokes, and undergoing disciplinary actions and work evaluations. Some of these actions were found by the ALJ to have been taken in bad faith and not to be common to all fields of employment.

However, the ALJ found that, in January 1994, claimant was assigned a new supervisor and, at the same time, employer instituted a reorganization which affected claimant's job duties. Although claimant perceived that her ideas were not taken seriously at the subsequent departmental meetings, the ALJ found that claimant's perception was inaccurate, and that the circumstances involved in the reorganization and departmental meetings are common to all fields of employment and that the actions of the employer were taken in good faith.

On these findings, the ALJ concluded that claimant's mental impairment was caused by employment stressors which occurred both before and after January 1994. This conclusion is also consistent with the evidence that the claimant did not seek psychiatric treatment for the work-related stress until April 1994, and was able to continue working through May 1994.

■ Claimant contends that the ALJ and Panel erred in denying her claim for mental impairment. She argues that employer's "good faith" conduct in 1994 should not have been considered as the cause, because those actions did not contribute to her disability. Rather, she contends that her mental impairment resulted from the employer's "bad faith" actions prior to 1994, which caused her to believe that employer was still acting in bad faith during 1994. Therefore, she urges us to consider the totality of the circumstances in determining whether her experience was common to all fields of employment. We perceive no error in the denial of the claim.

One condition of recovery for a claim premised on mental impairment is that the claim not be based, in whole or in part, upon facts and circumstances that are common to all fields of employment. Section 8–41–301(2)(c), C.R.S.1997. Furthermore, mental impairment is not considered to arise out of and in the course of employment if it results from a disciplinary action, work evaluation, job transfer, lay-off, demotion, promotion, termination, retirement, or similar action taken in good faith by the employer. Section 8–41–301(2)(a), C.R.S.1997.

■ The causes of a claimant's mental impairment, as well as the commonality of those causes, are questions of fact to be resolved by the ALJ. *See General Cable Co. v. Industrial Claim Appeals Office,* 878 P.2d 118 (Colo.App.1994).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Most stress claims involve one specific source for the stress and, therefore, entail analysis of only a single stressor. *See General Cable Co. v. Industrial Claim Appeals Office, supra* (three-year sexual relationship with supervisor); *Riddle v. Ampex Corp.,* 839 P.2d 489 (Colo.App.1992)(ban on cigarette smoking); *Peterson v. ENT Federal Credit Union,* 827 P.2d 621 (Colo.App. 1992) (job rotation); *Holme, Roberts & Owen v. Industrial Claim Appeals Office,* 800 P.2d 1332 (Colo.App.1990) (demotion); *City Market, Inc. v. Industrial Claim Appeals Office,* 800 P.2d 1335 (Colo.App.1990) (effect of supervisor's sexual advances); *White Star Linen Rental v. Industrial Claim Appeals Office,* 787 P.2d 189 (Colo.App.1989) (encounter with armed assailant). However, § 8–41–301(2) applies to multiple traumatic events, as well as a single traumatic event. *McCallum v. Dana's Housekeeping,* 940 P.2d 1022 (Colo.App.1996). Likewise, we hold that, in a case involving multiple stressors, each stressor must still be separately analyzed to determine whether the claim is based in whole or in part upon facts or circumstances common to all fields of employment.

Here, the ALJ's finding that claimant's mental impairment was caused by employment stressors which occurred both before and after January 1994 is supported by substantial evidence, including the testimony of claimant and her treating psychiatrist. Accordingly, we may not disturb this finding. *See General Cable Co. v. Industrial Claim Appeals Office, supra.*

Therefore, since one or more of the 1994 incidents which contributed to the mental impairment were found to be common to all fields of employment, it follows that the claim was based in part upon facts and circumstances common to all fields of employment. Accordingly, the claim was properly denied. *See* § 8–41–301(2)(c).

The order of the Panel is affirmed.

MARQUEZ and KAPELKE, JJ., concur.