PUBLIC SERVICE OF COLORADO, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado and Walter Lindsey, Respondents.

No. 02CA0583.

Colorado Court of Appeals, Div. IV.

March 13, 2003.

Ritsema & Lyon, P.C., Carol A. Finley, Colorado Springs, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, Colorado, for Respondent Walter Lindsey.

Opinion by Judge DAILEY.

In this workers' compensation proceeding, Public Service of Colorado (employer) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) that upheld the award of temporary disability benefits to Walter Lindsey (claimant) for a mental impairment. We affirm.

Claimant worked twenty-five years in various capacities for employer. In 1991, a female coworker filed a Title VII sexual harassment lawsuit against employer and prevailed. Claimant testified for the coworker, and his male colleagues retaliated against him by ostracizing and harassing him at work.

Claimant also brought a union grievance against a male coworker for remarks made during a confrontation regarding another female coworker. Claimant testified that both the male coworker and the union president pressured him not to participate in the grievance hearing and that the harassment directed against him increased. He subsequently refused to testify in the grievance hearing, which was scheduled for late summer or early fall in 1992, and the grievance was dismissed.

In 1992, claimant began experiencing psychological difficulties that interfered with his work performance, and he was diagnosed with a bipolar disorder. He brought this claim alleging that the mental stress he experienced at the workplace as a result of the harassment by his coworkers caused his psychological condition.

Following an evidentiary hearing, the administrative law judge (ALJ) found that claimant was genetically predisposed to developing bipolar disorder, but had not developed it prior to 1991. The ALJ also noted that claimant had never been subject to disciplinary action during his twenty-five-year employment and generally had been regarded as a good employee. The ALJ accepted, in its entirety, the evidence concerning the widespread and extreme gender discrimination and sexual harassment at employer's plant, which persisted for many years despite policies instituted to counteract such conduct. The ALJ further found that after claimant

testified in the federal lawsuit, he became the target "of an intense and concerted campaign of harassment and shunning by some of the male employees" at the plant. Specific instances cited by the ALJ included the sabotage of equipment for which claimant was responsible, the puncture of his car tire with a knife, rumors that he traded his testimony for money and sexual favors, and threats that his wife would be informed he was allegedly engaged in extramarital affairs.

The ALJ found that these circumstances were pervasive, continuous, extreme, and psychologically traumatic; that the situation would have evoked significant symptoms of distress in any worker in similar circumstances, even a worker not predisposed to bipolar disorder; and that the harassment inflicted on claimant was outside of a worker's usual experience and not common to all fields of employment.

Concluding that the stress claimant experienced as a result of the harassment caused him to develop bipolar disorder, the ALJ determined that claimant had suffered a compensable injury. Claimant was awarded both temporary total disability and medical benefits.

On review, the Panel upheld the ALJ's award of benefits.

## I.

■ Employer first contends that the ALJ failed to properly analyze the stressors leading to claimant's mental disability. Employer asserts that the evidence does not support the ALJ's finding that claimant had already suffered a compensable mental impairment by the time he was required to participate in the union grievance. Rather, employer argues that the grievance procedure constituted the predominant stressor in claimant's life. Consequently, employer maintains that because the union grievance was a disciplinary action undertaken in good faith, any related stress experienced by claimant was insufficient as a matter of law to support a compensable claim of mental impairment. We are not persuaded.

Former § 8–41–301(2)(a), which applies to this claim, provided in pertinent part:

A claim of mental impairment must be proven by evidence supported by the testimony of a licensed physician or psychologist. For purposes of this subsection (2) "mental impairment" means a disability arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no physical injury and consists of a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in similar circumstances. A mental impairment shall not be considered to arise out of and in the course of employment if it results from *a disciplinary action ... taken in good faith by the employer.*

Colo. Sess. Laws 1991, ch. 219, § 8–41–301(2)(a) at 1294–95 (emphasis added)(now amended with respect to injuries occurring on or after July 1, 1999, Colo. Sess. Laws 1999, ch. 103 at 299–300).

■ The causes of a claimant's mental impairment and the commonality of those causes are questions of fact to be resolved by the ALJ. When multiple stressors are alleged, that determination must include a separate analysis of each event to ascertain whether the claim is based in whole or in part upon facts or circumstances common to all fields of employment. *Trujillo v. Indus. Claim Appeals Office,* 957 P.2d 1052, 1054 (Colo.App.1998).

■ Moreover, the fact that a claimant suffers from pre-existing emotional problems does not preclude a determination that the stress-related disability resulted primarily from the employment. *Gen. Cable Co. v. Indus. Claim Appeals Office,* 878 P.2d 118, 121 (Colo.App.1994).

The ALJ found that claimant became disabled and unable to work in December 1992 because of his bipolar disorder. The ALJ noted that although the symptoms first surfaced in the spring of 1992 after the union grievance was filed, claimant nevertheless became insecure, withdrawn, quiet, forgetful, teary, and subject to marked mood swings in rapid response to the coworkers' harassment of him immediately following his deposition

testimony in the federal lawsuit. The ALJ also credited the medical opinion of a psychiatrist who performed an independent medical examination of claimant and concluded that claimant's bipolar disorder was solely and directly caused by the stress at work following his testimony in the federal lawsuit. The ALJ acknowledged that claimant had family problems occurring at approximately the same time, but the ALJ expressly ruled out those issues as contributing factors to his bipolar disorder.

We agree with the Panel that these findings and conclusions are supported in the record by the testimony of the psychiatrist and claimant's former coworkers.

The fact that claimant received psychological treatment beginning in 1992 because of his increasing deterioration does not compel a conclusion that his disorder was triggered by the grievance episode rather than by the harassment he received following his participation in the federal lawsuit. Nor are we persuaded that claimant's reports of anger over the grievance in August 1992 necessarily undermine the ALJ's finding that the prior incident constituted the primary stressor. The record reflects that the harassment directed at claimant began in response to that first incident and was certainly of sufficient magnitude to overwhelm him.

Thus, we reject employer's contention that the record contradicts the ALJ's findings as a matter of law.

Accordingly, it is unnecessary for us to address whether the grievance was a disciplinary action taken in good faith and whether, in the context of this case, it would have been insufficient to support the award of benefits for claimant's disability.

## II.

Relying on *Horodyskyj v. Karanian,* 32 P.3d 470, 479 (Colo.2001), employer also contends that the ALJ erred in determining the existence of compensability. We disagree.

The supreme court held in *Horodyskyj* that sexual harassment by one employee of another employee does not arise out of employment and thus is not compensable under the Workers' Compensation Act. However, we agree with the Panel that the claim here was not premised on sexual harassment, but rather arose out of the work-related retaliation claimant experienced following his testimony in the lawsuit of a coworker. Although claimant's decision to testify in the lawsuit was personal, there is no evidence in the record to suggest that the harassment he experienced as a consequence grew out of any personal relationship or personal dispute. Thus, *Horodyskyj* is factually and legally distinguishable from the present case.

The Panel's order is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.